# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### PIKEVILLE

| | |
|---|---|
| **United States of America,** | Civil No. 7:20-80-KKC |
| Plaintiff, | |
| v. | |
| **$281,355.78 Seized from Buffalo Drug, Inc., Poca Valley Bank Checking Account #XXX669,** | **OPINION AND ORDER** |
| Defendant, | |
| **Jackson Noel,** | |
| Claimant. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Claimant Jackson Noel's emergency motion for an evidentiary hearing, in which he asks the Court to hold a hearing and give him the opportunity to show that all or part of the funds seized in this case are not subject to forfeiture. (R. 13.) Because Noel's request was filed as an emergency motion, the Court ordered an expedited briefing schedule that shortened the United States' time for filing a response and stated the Court would consider the briefs without a reply from Noel. (R. 14.) The United States filed a timely response, and the matter is ripe for review. For the reasons discussed below, Noel's motion for a hearing will be **DENIED**.

## BACKGROUND

On October 3, 2017, a seizure warrant was issued by Magistrate Judge Cheryl A. Eifert of the Southern District of West Virginia authorizing the Government to seize up to $363,382.30 from a bank account in the name of Buffalo Drug, Inc. That day, the warrant return indicated $317, 670.78 was seized.

On November 15, 2017, Jackson Noel, a pharmacist and owner of Buffalo Drug, filed an administrative claim to the seized funds. A few months later, Noel was indicted for conspiring with others to knowingly distribute controlled substance and following a trial, he was convicted by a jury on September 10, 2019. *See United States v. Noel*, 7:18-cr-00002-KKC-EBA-1 (E.D. Ky.). On October 5, 2020, Noel was sentenced to a term of imprisonment, restitution of $100,000, and forfeiture of $36,315, and his conviction was upheld on appeal to the Sixth Circuit. *United States v. Noel*, No. 20-6167 (6th Cir. Nov. 30, 2021).

On July 16, 2020, the Government filed a Verified Complaint seeking *in rem* civil forfeiture of the remaining funds in the Buffalo Drug, Inc. business account based upon the theory that the funds represented proceeds or facilitated drug trafficking offenses and/or represented proceeds of or were involved in money laundering offenses. (R. 1 at ¶ 7.) Noel responded by filing a claim and answer to the complaint. (R. 8, 9.) Noel now brings the present motion, asking for an evidentiary hearing to show that all or some of the seized funds in this matter are untainted by any criminal activity, and thus not subject to forfeiture. (R. 13.)

## ANALYSIS

In his motion, Noel asks that the Court grant a hearing to allow him to show that the funds seized from Buffalo Drug's account are not subject to forfeiture because they have no nexus to criminal activity and were derived from legitimate business activity. Noel argues that he is entitled to an evidentiary hearing because he is seeking release of those funds to pay for legal representation in post-conviction proceedings under 28 U.S.C. § 2255, and he has no other way to pay for counsel.

"[W]hen a defendant's Sixth Amendment right to counsel of choice is threatened by virtue of the restraint of his funds," and the defendant sufficiently alleges that the government may have wrongly seized those funds, due process requires that a hearing be held where the defendant is given the opportunity to show the funds are untainted. *United States v. Jamieson*, 427 F.3d 394, 406–07 (6th Cir. 2005) (citing *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998)); *see also United States v. Glover*, 8 F.4th 239, 244 (4th Cir. 2021) (citing *United States v. Farmer*, 274 F.3d 800, 805 (4th Cir. 2001)) ("When a defendant sufficiently alleges that the government may have wrongly seized assets needed to hire counsel of choice, due process requires a hearing where the defendant may prove by a preponderance of the evidence that the seized assets are untainted.").

To show that a hearing is necessary, the claimant must meet two threshold requirements. First, the claimant must "demonstrate to the court's satisfaction that [he] has no assets." *Jamieson*, 427 F.3d at 406 (quoting *Jones*, 160 F.3d at 646). Second, the claimant must make "a

– 3 –

prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." *Id.* (quoting *Jones*, 160 F.3d at 647) (cleaned up).

Noel argues that seizure of the subject funds implicates his Sixth Amendment right to counsel because without the funds, he cannot pay for legal counsel of his choice to represent him in post-conviction proceedings under 28 U.S.C. § 2255. However, Noel is not entitled to a hearing because the seizure of Buffalo Drug's funds does not implicate his Sixth Amendment right to counsel, because he has no such right when pursuing post-conviction relief under § 2255.

The Sixth Amendment guarantees a defendant the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). An element of this right is "the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire." *Luis v. United States*, 578 U.S. 5, 23 (2016) (plurality op.); *see also id.* at 24 (Thomas, J., concurring) (agreeing that "a pretrial freeze of untainted assets violates a criminal defendant's Sixth Amendment right to counsel of choice"). But the right to counsel is not absolute. The Supreme Court has held that in post-conviction proceedings, the right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Noel's right to counsel is therefore not impacted by the seizure of Buffalo Drug's funds. He has no constitutional right to counsel when pursuing post-conviction relief under § 2255. Proceedings under § 2255

are not steps in a criminal prosecution, but rather independent, collateral actions that are civil in nature. *See Finley*, 481 U.S. at 556–57 (holding that post-conviction relief is a collateral attack that is "not part of the criminal proceeding itself, and it is in fact considered to be civil in nature"); *United States v. Asakevich*, 810 F.3d 418, 422 (6th Cir. 2016) (explaining that a § 2255 proceeding is "an independent and collateral inquiry into the validity of the conviction" and that "a motion under § 2255, like a petition for a writ of habeas corpus[,] . . . is not a proceeding in the original criminal prosecution but an independent civil suit"); *but see Wall v. Kholi*, 562 U.S. 545, 560 n.7 (2011) (acknowledging existence of confusion over whether § 2255 proceedings are civil or criminal in nature, but expressly declining to express an opinion on the question).

This understanding is consistent with the text of the Sixth Amendment, which states that defendants have a right to counsel in "all criminal prosecutions." U.S. Const. amend. VI. In a post-conviction proceeding, such as a § 2255 motion, there is no "criminal prosecution" to which that right could apply because the prosecution ends when the sentence is imposed. *See Bradley v. United States*, 410 U.S. 605, 609 (1973); *see also United States v. Vargas-Gutierrez*, 464 F. App'x 492, 498 (6th Cir. 2012) (quoting *United States v. Roche*, 321 F.3d 607, 610 (6th Cir. 2003)) ("In the legal sense, a prosecution terminates only when sentence is imposed."). At that point, the Government is no longer advancing, i.e., prosecuting, its case, as it has already successfully done so by securing a conviction. Rather, in a post-conviction proceeding, the

United States is defending the result of its prosecution. In a post-conviction § 2255 proceeding, where there is no criminal prosecution and which is civil in nature, there is no Sixth Amendment right to counsel. *See Roman v. United States*, No. 21-5442, 2021 U.S. App. LEXIS 35224, at *11 (6th Cir. Nov. 29, 2021) (citing *Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005)) ("Although the Sixth Amendment right to counsel entitles a defendant to receive assistance during criminal trial proceedings and appeals, that right does not extend to postconviction § 2255 proceedings.").

This conclusion is also consistent with the purpose of the Sixth Amendment right to counsel. The right to counsel is, at its core, a trial right. It exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984); *United States v. Gouveia*, 467 U.S. 180, 189 (1984) (recognizing that the "core purpose of the counsel guarantee is to assure aid *at trial*") (emphasis added). The Supreme Court has explained that:

> The basic purpose of a trial is the determination of truth, and it is self-evident that to deny a lawyer's help through the technical intricacies of a criminal trial or to deny a full opportunity to appeal a conviction because the accused is poor is to impede that purpose and to infect a criminal proceeding with the clear danger of convicting the innocent.

*Stovall v. Denno*, 388 U.S. 293, 297–98 (1967) (citation omitted). The right has been extended to certain critical pretrial criminal proceedings where the defendant is "confronted, just as at trial, by the procedural system, or by his expert adversary, or by both." *United States v. Ash*, 413

U.S. 300, 310 (1973). These pretrial confrontations are "considered parts of the trial itself" because they "might well settle the accused's fate and reduce the trial itself to a mere formality." *United States v. Moody*, 206 F.3d 609, 613 (6th Cir. 2000) (citations omitted). Thus, even where the right to counsel extends beyond the trial itself, it does so to "protect the reliability of the entire trial process." *Nunes v. Mueller*, 350 F.3d 1045, 1052 (9th Cir. 2003).

Once the jury renders its verdict, and the defendant exhausts their appeals as of right, the right to counsel has served its purpose—protecting the right to a fair trial. A criminal defendant convicted after a fair trial no longer enjoys the presumption of innocence and has only a limited interest in post-conviction relief. *DA's Office v. Osborne*, 557 U.S. 52, 69 (2009). The fact that a defendant has no right to counsel in post-conviction proceedings does not offend the overarching purpose of the Sixth Amendment, because a convicted defendant has already been given a full and fair opportunity to vindicate themselves at trial.

Noel cites Supreme Court's decision in *Luis v. United States* as support for his argument that he does have a constitutional right to counsel, pointing to the Court's statement that "the Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire." 578 U.S. 5, 23 (2016) (quoting *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989)). In that case, Sila Luis was charged with paying kickbacks, conspiring to commit fraud, and engaging in other crimes related to health care. *Luis*, 578 U.S. 5, 7 (2016). The district court entered an

order prohibiting Luis from dissipating or otherwise disposing assets up to $45 million in hopes of preserving funds for payment of restitution and other criminal penalties. *Id.* at 9. The Government and Luis agreed that the court's order would prevent Luis from "using her own untainted funds, i.e., funds not connected with the crime, to hire counsel to defend her in her criminal case." *Id.* Upon review, the Supreme Court vacated the lower court's judgment and remanded the case, holding that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Id.* at 10.

Noel's argument glosses over a critical factual distinction in *Luis*: in that case, the defendant/claimant challenged the *pretrial* seizure of legitimate assets. Luis's criminal case had not yet proceeded to trial, and she was seeking the seized funds "to hire counsel to defend her in her *criminal case*." *Id.* at 9 (emphasis added). Noel is seeking seized funds to hire counsel to represent him in his *civil, post-conviction* proceeding. As explained above, a criminal defendant has a Sixth Amendment right to counsel at trial, and at the critical pretrial stages of a criminal case, but not in post-conviction proceedings. *Luis* is therefore inapplicable to the present case.

The *Jones-Jamieson* framework adopted by the Sixth Circuit lays out the preconditions a defendant/claimant must meet to be granted a hearing when they claim that seized funds are not forfeitable and that they need those funds to pay for legal representation. Under that framework, a hearing is only necessary "when a defendant's Sixth Amendment right to counsel of choice is threatened by virtue of the

– 8 –

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

restraint of his funds." *Jamieson*, 427 F.3d at 407. The purpose of holding a hearing is so that "the district court may determine whether a potential Sixth Amendment problem is infecting an ongoing criminal proceeding and determine appropriate next steps." *Glover*, 8 F.4th at 245. The hearing is designed protect against the risk of a defendant being erroneously deprived of their right to counsel of their choosing. *Jones*, 160 F.3d at 646–47. But if there is no right to counsel, there can be no risk of the right being wrongly denied, and a hearing would have no purpose. Because Noel has no right to counsel of choice in a post-conviction § 2255 proceeding, there is no risk of such a right being erroneously deprived due to the seizure of allegedly untainted funds. A hearing would therefore serve no useful purpose in this matter. Noel is not, and cannot, be entitled to a hearing under *Jamieson*, and the Court will deny his motion.

## CONCLUSION

In sum, under *Jamieson*, a defendant's Sixth Amendment right to counsel of choice must be at risk for him to be entitled to a hearing at which the government's rationale for forfeiture is tested. Noel is seeking the seized funds to pay for counsel in a civil, post-conviction § 2255 proceeding, and there is no Sixth Amendment right to counsel for such a proceeding. Because there is no such right, Noel cannot be entitled to a *Jamieson* hearing. Thus, a hearing would serve no useful purpose here, as Noel can pursue his claim to the seized funds through the usual means available to a claimant in a civil forfeiture proceeding, such as a

<mark>
</mark>

petition to release the funds under 18 U.S.C. § 983(f), a motion for summary judgment, or proceeding to trial.

Accordingly, for the reasons stated in this opinion, the Court hereby **ORDERS** that Claimant Jackson Noel's emergency motion for an evidentiary hearing (R. 13) is **DENIED**.

Dated July 8, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY